Samuel Lerner, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Transportation et al., Defendants.

Argued March 22, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Lee Smigel,* with him *Harvey Voron,* for plaintiff.

*John L. Sweezy,* Assistant Attorney General, with him *Theodore A. Adler,* Chief Counsel, Department of General Services, and *Edward G. Biester, Jr.,* Attorney General, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, October 15, 1979:

Plaintiff initiated this action by a complaint in trespass, filed in this Court on August 9, 1978, claiming damages for injuries suffered when a large aluminum sign struck plaintiff's car as he was driving along I-95 in Philadelphia. Plaintiff alleges that his injuries were caused by the negligence of the named defendants, the Pennsylvania Department of Transportation (Commonwealth) and two of the Commonwealth's prime contractors, in their maintenance of the sign.

On January 29, 1979, this Court ordered the parties to submit briefs addressing any issues relevant to the cause of action raised by *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978) and *DuBree v. Commonwealth,* 481 Pa. 540, 399 A.2d 293 (1978), in light of the provisions of Section 5110 of the Judicial Code, 42 Pa. C.S. §5110 (Act No. 152-1978), and any other issues raised by outstanding preliminary objections. Subsequently, the defend-

ant Commonwealth filed multiple preliminary objections: first, asserting want of in personam jurisdiction; second, in the nature of a tripartite demurrer alleging that suit against the Commonwealth is barred by the doctrine of sovereign immunity as codified by Act No. 152-1978, that the possession and control of I-95 by an independent contractor supersedes liability of the Commonwealth, and that the complaint fails to state a cause of action because it pleads no breach of duty by the Commonwealth; and, finally, in the nature of a motion to strike, or in the alternative, a motion for more specific pleading.

Since the defendant filed its preliminary objections the issue of in personam jurisdiction has been cured thereby mooting this question. Consequently, the threshold issue we must address is whether plaintiff has pled a cause within the allowable causes of action enumerated in Act No. 152-1978 in partial waiver of sovereign immunity. If the answer is negative this Court enjoys jurisdiction but the action must be dismissed as to the defendant Commonwealth because of sovereign immunity. If the answer is affirmative, for want of jurisdiction over the cause asserted we must transfer the case as to all defendants to a court of common pleas pursuant to the jurisdictional provisions in Section 761 of the Judicial Code, 42 Pa. C.S. §761, as we have recently held Act No. 152-1978 to be constitutional against a broad based constitutional attack upon it. See: Brungard v. Hartman, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).

An examination of the factual averments of plaintiff's complaint as asserted against the Commonwealth convinces us that the cause so asserted is within the scope of one or possibly two of the allowable causes of action enumerated in Act No. 152-1978. Section 5110 waives sovereign immunity in cases involving "[d]amages caused by the care, custody or con-

trol of personal property in the possession of Commonwealth agencies'' and ''[d]amages caused by a dangerous condition of Commonwealth . . . highways. . . .''

Although plaintiff's factual averments could have been more specifically pleaded in its cause asserted against the Commonwealth, we believe the application of basic principles of pleading warrants the conclusion we here reached. These factual averments are not limited to imputed negligence through the actions of the other named defendants as the Commonwealth argues but are directed against the Commonwealth itself acting through its employes.

Under these circumstances we must overrule the preliminary objections and transfer the case to the appropriate court of common pleas.

Judges CRUMLISH, JR. and DiSALLE concur in the result only.

### ORDER

Now, October 15, 1979, the preliminary objections of the Commonwealth are overruled and this case is transferred to the Court of Common Pleas of Philadelphia County for further proceedings.